SCHOTT, Judge,
concurring in result.
I agree that a contract was never con-fected between the parties for any amount, over and above the contract price they agreed upon in the first instance. The extra expenses incurred by plaintiff cannot be charged to defendants on a theory of contract because both parties were mistaken about the object of the contract when plaintiff’s proposal was accepted by defendants. Both parties thought the proposal contained the correct sizes for the windows when it did not. Thus, there was never a meeting of the minds and no contract was ever confected for the purchase and sale of windows of the wrong size.
I have also considered the question of plaintiff’s right to recover in tort. It may be argued that defendants owed plaintiff a duty to cheek the sizes specified in the proposal before accepting it, and their failure to do so caused plaintiff to suffer the loss. However, plaintiff, who initiated the contact with defendants, gave defendants a quotation on windows which defendant wanted. The underlying cause of the problem was plaintiff’s failure to perform the duty he had undertaken, so that, in a sense, he is barred from recovery by his own contributory negligence.
Thus, I am unable to find any theory of law which might provide a basis for plaintiff to recover under the circumstances of this case. I therefore concur in affirming the judgment of the trial court.